UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOSAIC FERTILIZER, LLC,

    Plaintiff,

v.                                                Case No: 8:11-cv-2284-T-35AEP

INTERNATIONAL CHEMICAL
WORKERS UNION COUNCIL,
LOCAL 35C,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This matter comes before the Court upon Defendant's Motion for Attorney's Fees, Costs, and Interest (Dkt. No. 89) and Plaintiff's response in opposition thereto (Dkt. No. 99). For the reasons that follow, I recommend that Defendant's request for attorney's fees, costs, and interest be granted in part and denied in part.

### **I. Procedural Background**

Plaintiff Mosaic Fertilizer, LLC, brought this action in accordance with section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking to vacate an unfavorable arbitration award. (Dkt. No. 1 at 1.) The arbitration award at issue overturned Plaintiff's decision terminate an employee (the "Grievant") who allegedly made threats of violence against his co-workers. As part of a collective bargaining agreement with Plaintiff, Defendant International Chemical Workers Union Counsel, Local 35C, is the authorized bargaining representative of the Grievant. (Dkt. No. 1 at 2.) In challenging the award, Plaintiff raised several arguments, including that (1) the arbitration award violates public policy considerations, (2) the arbitration award was untimely, and, therefore, the arbitrator no longer had jurisdiction over the matter, (3) the arbitrator refused to consider key evidence, and

(4) the arbitrator was biased in favor of the Grievant and failed to disclose a conflict of interest with a material witness. (Dkt. No. 50.) Pursuant to this Court's January 20, 2012 Order, both Plaintiff and Defendant filed motions seeking limited discovery (Dkt. Nos. 27, 30). Namely, Plaintiff sought discovery regarding (1) how the arbitrator determined that the Grievant had anger issues, (2) the arbitrator's knowledge of certain laws and legal precedents, and (3) correspondence between Defendant, Plaintiff, and the arbitrator regarding the timeliness of the award. (Dkt. No. 30 at 2.) Defendant filed a response in opposition to Plaintiff's motion seeking limited discovery (Dkt. No. 34), and a hearing was held on the motions on May 2, 2012.[1] Subsequently, the Court entered an order granting Defendant's motion for limited discovery and granting in part and denying in part Plaintiff's motion for limited discovery to the extent that the Court permitted Plaintiff to conduct limited discovery related to the timeliness of the arbitration award. (Dkt. No. 42.) Plaintiff then filed a motion requesting leave to file an amended complaint asserting additional factual bases supporting its claims of arbitrator bias in favor of the Grievant and a conflict of interest between the arbitrator and a material witness. (Dkt. No. 43.) Defendant submitted a response opposing Plaintiff's motion to file an amended complaint (Dkt. No. 46). Due to the belatedness of Plaintiff's request and the inevitable delay that would be caused by allowing Plaintiff to amend the complaint, the Court denied Plaintiff's motion to amend. (Dkt. No. 48.)

On July 19, 2012, Plaintiff filed a second motion seeking limited discovery regarding the timeliness of the arbitrator's former decisions in all cases involving Defendant and any evidence revealing the extent of the arbitrator's relationship with one of Plaintiff's material

---

[1] During the hearing, Plaintiff also requested discovery regarding an alleged bias by the arbitrator in favor of the Grievant and a potential conflict of interest that may have existed due to the arbitrator's relationship with the brother of one of Plaintiff's witnesses. (Dkt. No. 48 at 2-3.) Because this matter had not been raised in the complaint or in Plaintiff's motion, the Court declined to address the requests. (Dkt. No. 48 at 3.)

witnesses as it related to Plaintiff's conflict-of-interest claim. (Dkt. No. 52.) According to Plaintiff, certain facts came to light based on the discovery produced by Defendant that required further investigation with respect to a potential conflict of interest between the arbitrator and a material witness. (Dkt. No. 52.) Defendant filed a response in opposition to Plaintiff's motion (Dkt. No. 53), arguing that the additional discovery requested by Plaintiff was improper because Plaintiff's conflict-of-interest claim was not a part of the pleadings, and, therefore, the discovery request sought information about matters beyond the scope of the complaint. On October 5, 2012, the Court entered an order denying Plaintiff's second motion for limited discovery (Dkt. No. 68), finding that the discovery sought relating to both the timeliness of the award and the arbitrator's alleged conflict of interest was irrelevant to the issues in the underlying matter.

Thereafter, on December 9, 2013, this Court issued an Order denying Plaintiff's request to vacate the arbitration award and confirming and directing compliance with the award. (Dkt. No. 86.) Subsequently, Plaintiff filed a notice appealing the Court's Order, and the appeal is now pending. (Dkt. No. 87.) On December 23, 2013, Defendant filed its motion seeking attorney's fees, costs, and interest. (Dkt. No. 89.) By its motion, Defendant seeks an award of costs in the amount of $20 for the *pro hac vice* filing fees of Defendant's two attorneys as well as an award of attorney's fees for 227.5 hours of work performed by Attorney Randall Vehar at an hourly rate between $300 and $350. (Dkt. No. 89 at 9-10, 19; Dkt. No. 89, Exs. 1-2.) Defendant also requests an increase of ten percent in the hourly rate deemed appropriate by the Court given the complexity of the issues in the case. (Dkt. No. 89 at 19.) Defendant argues that it is entitled to attorney's fees as sanctions in this case for the conduct of Plaintiff and Plaintiff's counsel under the Court's inherent authority, Federal Rule of Civil Procedure 11(b)(3), and 28 U.S.C. § 1927. (Dkt. No. 89.) Last, Defendant seeks an

award of prejudgment and postjudgment interest on the arbitrator's award of back pay. (Dkt. No. 89 at 9-10.)

Plaintiff filed a response to Defendant's Motion opposing an award of attorney's fees on all grounds raised by Defendant as well as opposing an award of prejudgment and postjudgment interest and costs. (Dkt. No. 99.) Plaintiff asserts that Defendant is not entitled to attorney's fees because Plaintiff's complaint seeking to vacate the arbitration award was brought in good faith and there was an absence of vexatious conduct and conduct intended to multiply the proceedings. (Dkt. No. 99 at 2-8.) Additionally, Plaintiff contends that its challenge of the arbitration award was not without justification, and, therefore, Defendant is not entitled to attorney's fees. (Dkt. No. 99 at 8-11.) Furthermore, Plaintiff argues that the *pro hac vice* fees sought by Defendant are not recoverable as costs under 29 U.S.C. § 1920. (Dkt. No. 89 at 11-12.) Notably, Plaintiff advanced no argument in its response in opposition to Defendant's request for prejudgment and postjudgment interest.

## II.  Attorney's Fees

Defendant seeks an award of attorney's fees on several grounds, arguing that it is entitled to attorney's fees as sanctions under the Court's inherent authority, Federal Rule of Civil Procedure 11(b)(3), and 28 U.S.C. § 1927.

### A. Inherent Authority

First, Defendant contends that an award of attorney's fees is warranted under the Court's inherent authority for Plaintiff's conduct in bringing this action, which Defendant contends was frivolous and without merit. Plaintiff brought this action under section 301 of the LMRA. The LMRA does not authorize the granting of attorney's fees for violations of section 301, however, a district court has discretionary authority to grant such fees "under its equity power if a party violates [section] 301(a) in bad faith, vexatiously, wantonly[,] or for

4

oppressive reasons." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1369 (11th Cir. 1982) (citing *Int'l Union of Dist. 50, United Mine Workers v. Bowman Transp., Inc.*, 421 F.2d 934 (5th Cir. 1970) (per curiam); *Local No. 149 Int'l Union, United Auto. Workers v. Am. Brake Shoe Co.*, 298 F.2d 212 (4th Cir. 1962)).[2]  Specifically, in the context of the aftermath of an unsuccessful motion to vacate an arbitration award, a district court has discretionary authority to award attorney's fees when "it determines that a party has *without justification* refused to abide by the award of an arbitrator." *Bowman Transp., Inc.*, 421 F.2d at 935 (emphasis added).  "Without justification" means "'to take an unreasonable, clearly wrong position—no matter how sincere the belief behind it.'" *E.G. & G. Fla. Inc. v. Int'l Union, UPGWA & its Local Union No. 128*, No. 97-1519-CIV-ORL-22B, 1998 WL 928416, at *2 (M.D. Fla. Oct. 28, 1998) (quoting *Graphics Commc'ns Int'l Union, Local 121-C v. S. Coupon, Inc.*, 852 F. Supp. 970, 978 (N.D. Ala. 1993)); *see also Coca-Cola Bottling Co., Consol. v. Int'l Bhd. of Teamsters, Local Union No. 991*, No. Civ.A 05-0230-P-B, 2006 WL 680643, at *2 (S.D. Ala. Mar. 16, 2006).  Merely unsuccessfully challenging an arbitration award is insufficient to meet the "without justification" standard. *E.G. & G.*, 1998 WL 928416, at *2.  Rather the Court should consider the totality of the circumstances to determine whether Plaintiff's decision to challenge the award was unreasonable and clearly wrong. *Id.* Additionally, "[b]ecause a court's inherent powers are so potent, they must be exercised with restraint and discretion." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir. 1993).

Defendant argues that Plaintiff's bases for challenging the arbitration award were without justification for several reasons.  First, Defendant contends that Plaintiff's arguments

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

that the award was made in contravention of public policy and in manifest disregard of the law were rejected by the Court because these arguments were premised upon the basis that the arbitrator arrived at faulty factual conclusions. (Dkt. No. 89 at 12.) Next, Defendant avers that Plaintiff's contentions that the arbitrator ignored key evidence and failed to hear evidence from three unnamed witnesses were not valid defenses to enforcement of the arbitration award because the evidentiary errors did not rise to the level of bad faith or gross error and Plaintiff's arguments were merely veiled attempts to express disagreement with the ruling of the arbitrator. (Dkt. No. 89 at 12-13.) Third, Defendant asserts that even after the Court rejected Plaintiff's request to amend its complaint to raise arbitrator bias and a conflict of interest, Plaintiff continued to assert such claims. (Dkt. No. 89 at 13-14.) Furthermore, according to Defendant, Plaintiff's claims of arbitrator bias and conflict of interest were baseless and not supported by the evidence of record. (Dkt. No. 89 at 14.) Last, Defendant contends that Plaintiff's argument that the arbitration award was untimely failed. (Dkt. No. 89 at 15.) Thus, according to Defendant, Plaintiff's contentions regarding the arbitration award were meritless and thereby made without justification.

However, keeping in mind the Court's duty to exercise restraint and discretion when awarding attorney's fees as sanctions under the Court's inherent authority, I find that an award of attorney's fees is not justified in this case. Although Plaintiff was clearly unsuccessful in its attempt to challenge the arbitration award, the Court cannot conclude that Plaintiff's arguments were so unreasonable and clearly wrong to warrant the imposition of attorney's fees. Plaintiff's arguments regarding the factual bases of the arbitrator's decision were rejected by this Court as invalid reasons for challenging the arbitrator's award, but it cannot be said that Plaintiff's arguments were so baseless as to be considered frivolous. And, moreover, Plaintiff's attack of the arbitration award on the ground that the arbitration award

was untimely, which required interpretation of the collective bargaining agreement, or that the award violated public policy were not so unreasonable or clearly wrong as to be deemed without justification.[3]

Thus, Defendant is not entitled to an award of attorney's fees as sanctions under the Court's inherent authority on the ground that Plaintiff's attempt to vacate the arbitration award was without justification.

**B. Federal Rule of Civil Procedure 11(b)(3)**

Defendant next argues that it is entitled to an award of attorney's fees under Federal Rule of Civil Procedure 11(b)(3). (Dkt. No. 89 at 1, 16.) Pursuant to Rule 11(b)(3), when an attorney presents a pleading, motion, or paper to the Court, that attorney certifies that to the best of his or her knowledge "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." If an attorney[4] violates Rule 11(b), "the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). In determining whether sanctions are warranted under Rule 11, the court must undertake a two-step inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

As a preliminary matter, however, the Court must first determine whether Defendant's request for Rule 11 sanctions complies with Rule 11's safe harbor provision. Namely, Rule

---

[3]At least one court in this District has questioned whether the without-justification standard originally adopted by the Fifth Circuit accords with the Supreme Court's decision in *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). *See E.G. & G.*, 1998 WL 928416, at *1. Nevertheless, because the Court finds that Plaintiff's challenge of the arbitration award was not without justification, it declines to presently address this question.

[4]Rule 11 sanctions may be imposed against a party, the party's counsel, or both. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1508 n.14 (11th Cir. 1993).

7

11(c)(2) provides

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

The underlying rationale of the safe harbor provision is to give the offending party an opportunity to rectify its challenged conduct before having sanctions imposed. *Peer v. Lewis*, 606 F.3d 1306, 1313 (11th Cir. 2010) (citing to the 1993 advisory committee notes to Rule 11); *Saldibar v. Delray One, Inc.*, No. 07-80608, 2008 WL 3540518, at *2 (S.D. Fla. Aug. 12, 2008). Where no prior notice was given to the offending party of an intent to file a Rule 11 motion, a Rule 11 motion filed after the conclusion of the case fails to comply with the safe harbor provision. *Orenshteyn v. Citrix Sys. Inc.*, 341 Fed. App'x 621, 626 (11th Cir. 2009); *Seleylo v. Sararo*, No. 2:09-CV-261-UA-DNF, 2013 WL 593740, at *4 (M.D. Fla. Feb. 15, 2013) (citing *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008)). Here, no evidence of record exists showing that Defendant provided Plaintiff with the requisite twenty-one-day notice before filing its motion requesting sanctions pursuant to Rule 11. *See Baker*, 158 F.3d at 527 ("Although the notice need not be in writing and with the formality of pleadings, the notice given, or evidence of the giving of notice, must be part of the record."). Defendant served its motion for attorney's fees, interest, and costs on Plaintiff on December 20, 2013, after the Court entered its final order, and filed the motion with the Court on December 23, 2013. (Dkt. No. 89.) More important is that at no time during the proceedings while Plaintiff was committing the supposed errors complained of by Defendant did Defendant provide notice to Plaintiff that it intended to seek Rule 11 sanctions for Plaintiff's alleged

8

misconduct.[5] *See DeShiro v. Branch*, 183 F.R.D. 281, 287-88 (M.D. Fla. 1998). Ergo, Plaintiff was never provided an opportunity to rectify its actions. Because Defendant failed to appropriately comply with the safe harbor provision of Rule 11, Defendant is not entitled to attorney's fees as sanctions under this rule.

Even if Defendant had appropriately complied with the safe harbor provision of Rule 11, its motion for sanctions under Rule 11 should still be denied on the merits because although some of Plaintiff's arguments were deemed without merit and all of its arguments were unsuccessful, Defendant failed to show that Plaintiff's action was objectively frivolous.

## C. 28 U.S.C. § 1927

Last, Defendant asserts that it is entitled to attorney's fees under 28 U.S.C. § 1927, which provides, "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[6] An award of attorney's fees to sanction the conduct of counsel is warranted under section 1927 if the following three elements are satisfied: "(1) an attorney must engage in unreasonable and vexatious conduct; (2) [this conduct] must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *amended on rehearing*, 311 F.3d

---

[5]The only reference made by Defendant regarding Rule 11 in the pleadings was made in its response to Plaintiff's first motion for discovery (Dkt. No. 34). Specifically, Defendant stated that Plaintiff "dangerously steps up to and possibly even crosses the Civil Rule 11 line[] when it accuses the Arbitrator of 'completely ignoring' its evidence." (Dkt. No. 34 at 4.) First, this conduct is not the conduct which Defendant now complains violated Rule 11, and, even if it was, this brief mention by Defendant that Plaintiff was possibly toeing the line was insufficient to place Plaintiff on notice as required under Rule 11. *See Seleylo*, 2013 WL 593740, at *3.

[6]Generally, sanctions under section 1927 may only be imposed against counsel and may not be imposed against a party. *Sada v. City of Alamonte Springs*, No. 6:09-cv-506-Orl-31KRS, 2012 WL 503840, at *10 (M.D. Fla. Feb. 15, 2012).

1077 (2002) (internal citation and quotation marks omitted). Vexatious and unreasonable conduct under section 1927 is conduct that is "'so egregious that it is tantamount to bad faith.'" *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010) (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)). "The standard [of bad faith] is an objective one, turning on how a reasonable attorney would have acted under the circumstances rather than on the particular attorney's subjective intent." *Alford v. Consol. Gov't of Columbus, Ga.*, 438 Fed. App'x 837, 841 (11th Cir. 2011). Conduct so egregious it is tantamount to bad faith requires something more than a lack of merit or negligence. *McMahan*, 256 F.3d at 1129; *see also Amlong*, 500 F.3d at 1239. Even if an attorney engages in bad faith conduct, such conduct is not sanctionable under section 1927 unless it also multiplied the proceedings. *McMahan*, 256 F.3d at 1128. An attorney's conduct results in multiplication of the proceedings when it causes additional proceedings that would not have been conducted otherwise. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Because section 1927 is penal in nature it must be strictly construed. *Abreu v. Alutiiq-Mele, LLC*, No. 11-20888-CIV, 2012 WL 4369734, at *16 (S.D. Fla. Aug. 3, 2012) (citing *Norelus*, 628 F.3d at 1280-81).

Here, the record does not support a finding of conduct "tantamount to bad faith." Plaintiff filed its complaint on October 11, 2011. (Dkt. No. 1.) Thereafter, the parties engaged in minimal substantive motion practice. Both parties filed motions seeking limited discovery[7] (Dkt. Nos. 27, 30), and Defendant filed a response in opposition to Plaintiff's motion for limited discovery (Dkt. No. 34). Following a hearing on May 2, 2012, the Court granted in part and denied in part Plaintiff's motion (Dkt. No. 42). Based on allegations asserted for the first time during the motion hearing, Plaintiff then filed a motion to amend its

---

[7]These motions were invited by the Court pursuant to its January 30, 2012 Order setting the deadlines in this case. (Dkt. No. 22.)

complaint (Dkt. No. 43), which Defendant opposed (Dkt. No. 46). The Court denied Plaintiff's motion to amend the complaint (Dkt. No. 48), finding that the amendment would result in unreasonable delay of the proceedings. Subsequently, Plaintiff filed its memorandum in support of the complaint, raising several arguments challenging the award, including its claims of arbitrator bias and conflict of interest. (Dkt. No. 50). On July 19, 2012, Plaintiff filed a second motion seeking limited discovery, which Defendant opposed (Dkt. No. 53) and this Court again denied (Dkt. No. 68).

While the Court finds some of Plaintiff's conduct questionable, for example, the filing of its second motion seeking limited discovery and the inclusion of arguments regarding arbitrator bias and conflict of interest in its memorandum after the Court denied its request to add these claims to the complaint,[8] the Court does not find that this conduct multiplied the proceedings or was so vexatious and unreasonable that it amounts to bad faith. *See Schwade v. Total Plastics, Inc.*, No. 8:10-cv-2436-T-23MAP, 2012 WL 1901814, at *3 (M.D. Fla. May 25, 2012) (denying attorney's fees under section 1927 for filing a motion that "raise[d] mostly waived arguments and only weak arguments" because sanctions under section 1927 requires "more than a lack of merit" (internal citation and quotation marks omitted)). Considering the circumstances of this case, the undersigned does not approve of Plaintiff's counsel's tactics, but finds that the conduct did not sink so far beneath the standard of reasonable conduct that it became tantamount to bad faith. Thus, an award of attorney's fees against Plaintiff's counsel

---

[8]Of note, although the Court denied Plaintiff's requests regarding its arbitrator bias and conflict-of interest claims on at least three occasions (Dkt. Nos. 42, 48, 68), the Court never admonished Plaintiff (or Plaintiff's counsel) for its conduct in attempting to pursue these claims. *See Dandar v. Church of Scientology Flag Serv. Org., Inc.*, No. 8:12-cv-2477-T-33EAJ, 2013 WL 593923, at *2 (M.D. Fla. Feb. 15, 2013) (considering the lack of warnings to Plaintiff throughout the proceedings in deciding not to award sanctions under section 1927); *Smith v. Psychiatric Solutions, Inc.*, 864 F. Supp. 2d 1241, 1270 (N.D. Fla. 2012) (citing the court's silence regarding the propriety of counsel's conduct as one factor weighing against sanctions under section 1927).

is not warranted under section 1927.

### III.  Costs

Defendant also seeks an award of costs in the amount of $20 for the *pro hac vice* filing fees of Defendant's attorneys Randall Vehar and Robert W. Lowrey.  (Dkt. No. 89 at 9.) Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))).  Because the Court upheld the arbitration award, Defendant is a prevailing party entitled to costs under Rule 54(d)(1).  *Cf. Sheet Metal Workers' Int'l Ass'n, Local 15 v. Law Fabrication, LLC*, 459 F. Supp. 2d 1236, 1245-46 (M.D. Fla. 2006) (finding a union to be a prevailing party where it succeeded in a motion to enforce an arbitration award); *see also Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (stating that a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit'" (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989))).

Pursuant to 28 U.S.C. § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs.  Defendant argues that it is entitled to reimbursement for counsels' *pro hac vice* fees in accordance with section 1920(1).  (Dkt. No. 89 at 9.)  However, it has been recognized that "'the *pro hac vice* fee is an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920 as fees of the clerk.'"  *Hernandez v. Motorola Mobility, Inc.*, No. 12-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013) (quoting *Exhibit Icons, LLC v. XP Cos.*, No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18,

2009)); *see also Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2012 WL 5387830, at *18 (M.D. Fla. Nov. 2, 2012) (recognizing that *pro hac vice* fees are not taxable under section 1920(1)). Accordingly, Defendant should not be awarded $20 for the *pro hac vice* filing fees of counsel.

### IV. Interest

Last, Defendant requests that the Court award prejudgment and postjudgment interest on the arbitrator's award of back pay to the Grievant. (Dkt. No. 89 at 9.) As to prejudgment interest, the LMRA is silent. Nevertheless, where federal law is silent on the issue of prejudgment interest, prejudgment interest may be awarded "in response to considerations of fairness." *United Steel Int'l Union v. Smurfit-Stone Container Corp.*, 479 Fed. App'x 250, 255 (11th Cir. 2012); *see also Oil, Chem. & Atomic Workers Int'l Union, Local No. 4-447 v. Am. Cyanamid Co.*, 546 F.2d 1144, 1144 (5th Cir. 1977) ("The general federal rule is that in the absence of a statutory provision the award of pre-judgment interest is in the discretion of the court."). Moreover, the Eleventh Circuit has specifically held that a district court has authority to award prejudgment interest on an arbitrator's award of back pay in an LMRA action. *Id.*

Here, "in response to considerations of fairness," Defendant has shown that the Grievant is entitled to collect prejudgment interest on the award of back pay. The arbitrator rendered his decision instructing Plaintiff to reinstate the Grievant on August 13, 2011. (Dkt. No. 1, Ex. F.) Plaintiff has failed to reinstate the Grievant or provide him the back pay as provided in the arbitrator's award in the two and a half years since the arbitrator rendered his decision, effectively depriving the Grievant of substantial income for an extended period of time. Furthermore, Plaintiff has advanced no argument that an award of prejudgment interest

in this case would be inequitable. (Dkt. No. 99.) Thus, an award of prejudgment interest is both appropriate and necessary to make the Grievant whole.

As to postjudgment interest, under 28 U.S.C. § 1961, such "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Section 1961 applies equally to the confirmation of an arbitration award. *Cf. Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co.*, 744 F.2d 1482, 1484 (11th Cir. 1984) (per curiam) (upholding an award of postjudgment interest in action confirming an arbitration award). Again, Plaintiff provides no basis as to why an award of postjudgment interest is inappropriate in this case. Therefore, in accordance with section 1961, an award of postjudgment interest is warranted, and Defendant is entitled to postjudgment interest until the date of payment.

Accordingly, Defendant should be awarded both prejudgment and postjudgment interest at a rate of 13%.[9]

## V. Conclusion

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. Defendant's Motion for Attorney's Fees, Costs, and Interest (Dkt. No. 89) be

---

[9] Under section 1961, the postjudgment interest rate is to be calculated "at a rate equal to the weekly average [one]-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." The weekly average one-year constant maturity Treasury yield for the week preceding this Court's judgment (Dkt. No. 86) was 13%. *See* Board of Governors of the Federal Reserve System, *Selected Interest Rates*, http://www.federalreserve.gov/releases/h15/data.htm (last visited Apr. 15, 2014). "'In the absence of a controlling statute, the choice of a rate at which to set the amount of prejudgment interest is . . . within the discretion of a federal court.'" *Werner Enters., Inc. v. Westwind Maritime Int'l, Inc.*, 554 F.3d 1319, 1328 (11th Cir. 2009) (quoting *In re Int'l Admin Serv., Inc. v. Northern*, 408 F.3d 689, 710 (11th Cir. 2005)). Because the parties suggest no other rate that would be fair in awarding prejudgment interest, the Court finds it equitable to use the applicable postjudgment interest rate as the rate for calculating prejudgment interest as well.

GRANTED in part and DENIED in part, to the extent that Defendant should only be awarded prejudgment and postjudgment interest at a rate of 13% but should not be awarded attorney's fees or costs.

IT IS SO REPORTED in Tampa, Florida, this 16th day of April, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of record
Honorable Mary S. Scriven

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).