**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MOSAIC FERTILIZER, LLC,

    Plaintiff,

v.                                                      Case No: 8:11-cv-2284-T-35AEP

INTERNATIONAL CHEMICAL
WORKERS UNION COUNCIL, LOCAL
35C,

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Attorney Fees, Costs, and Interest (Dkt. 89) filed by Defendant, International Chemical Workers Union Council, Local 35C, and the Response in opposition thereto filed by Plaintiff, Mosaic Fertilizer, LLC, (Dkt. 99). On April 18, 2014, United States Magistrate Judge Anthony E. Porcelli issued an Amended Report and Recommendation ("R&R"), recommending granting in part and denying in part Plaintiff's motion. (Dkt. 101)[1] Plaintiff timely filed an objection to the Magistrate Judge's R&R. (Dkt. 102)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall

---

[1] The Report and Recommendation was amended to correct a scrivener's error as to the applicable post-judgment and pre-judgment interest rate: from 13% to .13%. No other amendments were made. (Dkt. 101 at 1 n.1)

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo,* even in the absence of an objection.  See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

    Here, the R&R recommends denying Defendant's request for attorney's fees and costs, and granting Defendant's request for prejudgment and postjudgment interest at a rate of .13%.  (Dkt. 101)  Defendant raises a single objection to Judge Porcelli's recommendation:  It contends that the appropriate interest rate for pre-judgment interest is the rate chosen by the arbitrator, here the "make whole" remedy, as applied by the National Labor Relations Board ("NLRB"), which is compounded daily at a rate of the short-term Federal rate plus 3%.  (Dkt. 102 at 2); see, e.g., New Horizons for Retarded, 283 NLRB 1173, 1174 (1987) ("[O]n the backpay due in this case, we shall require that the Respondent pay interest . . . such interest to be computed at the 'short-term Federal rate' for the underpayment of taxes as set out in the 1986 amendment to 26 U.S.C. § 6621."); Jackson Hosp. Corp., 356 NLRB No. 8 (Oct. 22, 2010) ("[W]e have concluded that compound interest better effectuates the remedial policies of the Act than does the Board's traditional practice of ordering only simple interest and that, for the same reasons,

interest should be compounded on a daily basis, rather than annually or quarterly."); <u>Fresh & Green's of Washington, D.C., LLC & United Food & Commercial Workers, Local 400</u>, 359 NLRB No. 145 (June 28, 2013) ("Backpay shall be computed in accordance with *F. W. Woolworth Co.*, 90 NLRB 289 (1950), with interest at the rate prescribed in *New Horizons for the Retarded*, 283 NLRB 1173 (1987), compounded daily as prescribed in *Kentucky River Medical Center*, 356 NLRB No. 8 (2010).").

Defendant argues that Judge Porcelli chose .13%, the statutory post-judgment interest rate, in the mistaken belief that there was no other controlling rate.  (Dkt. 102 at 1)  However, Defendant asserts that "[t]he more appropriate approach is to use the method chosen by the Arbitrator, who entered the Award that is being enforced.  Otherwise, the Court will have effectively modified the arbitration award without good cause."  (Id. at 1-2)  Thus, Defendant contends the proper interest rate is "either 3% or 4%, depending on the quarter, compounded daily, as per the NLRB methodology."  (Id. at 3)

As of the date of this Order, Plaintiff has not responded to Defendant's objection, nor raised any objections of its own, and the time for doing so has long since passed.

The R&R notes that "[b]ecause the parties suggest no other rate that would be fair in awarding prejudgment interest, the Court finds it equitable to use the applicable postjudgment interest rate as the rate for calculating prejudgment interest as well."  (Dkt. 101 at 14 n.10)  Thus, Defendant's arguments here regarding the applicable interest rate were not before Judge Porcelli.

As Judge Porcelli recognized, "[i]n the absence of a controlling statute, the choice of a rate at which to set the amount of prejudgment interest is . . . within the discretion of

a federal court." Werner Enters., Inc. v. Westwind Maritime Int'l, Inc., 554 F.3d 1319, 1328 (11th Cir. 2009) (quoting In re Int'l Admin Serv., Inc. v. Northern, 408 F.3d 689, 710 (11th Cir. 2005)).

However in light of the newly asserted argument and in the absence of any objection or argument from Plaintiff, the Court concurs that the more appropriate pre-judgment interest rate is that chosen by the arbitrator: the NLRB's "make whole" remedy. Accordingly, the pre-judgment interest rate is either 3% or 4% as set forth in the table below,[2] depending on the quarter, compounded daily, as per the NLRB methodology.

| April 1, 2009 | To | December 31, 2010 | 4 percent |
| --- | --- | --- | --- |
| January 1, 2011 | To | March 31, 2011 | 3 percent |
| April 1, 2011 | To | September 30, 2011 | 4 percent |
| October 1, 2011 | To | June 30, 2014 | 3 percent |

See (Dkt. 102-2); see also NLRB General Counsel Memo 14-39 (March 24, 2014), *available at* http://www.nlrb.gov/reports-guidance/operations-management-memos.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved as described herein. Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Dkt. 101) is **CONFIRMED in part** and **MODIFIED in part**.

2. The Motion for Attorney Fees, Costs, and Interest (Dkt. 89) is **GRANTED in part and DENIED in part**;

3. Defendant's requests for attorney's fees and costs are **DENIED**;

---

[2] The Grievant was terminated on July 8, 2010, and summary judgment was entered in this case on December 9, 2013. (Dkt. 86 at 3)

4

4. Defendant's request for pre-judgment and post-judgment interest is **GRANTED**;

5. The applicable pre-judgment interest rate is either 3% or 4%, depending on the quarter, compounded daily, as set forth above;

6. The applicable post-judgment interest rate is that established pursuant to 28 U.S.C. § 1961 as set forth in the R&R.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of June, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person